UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SPECIALTY INSURANCE
COMPANY, *as subrogee of* WONDER WORKS
CONSTRUCTION CORP., *and* UNITED STATES
SPECIALTY INSURANCE COMPANY,

                                        Plaintiff,

                    -v-

LEAD NAME OF CERTAIN UNDERWRITERS AT
LLOYD'S LONDON SUBSCRIBING TO POLICY NO.
10268L170237 AND POLICY NO. 10268L170238, *et al.*,

                                        Defendants.

---

25 Civ. 5466

<u>SEALED ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

On July 2, 2025, this Court received an *ex parte* application from plaintiff United States

Specialty Insurance Company seeking a temporary restraining order that would enjoin

defendants Lead Name of Certain Underwriters at Lloyd's London Subscribing to Policy No.

10268L170237 and Policy No. 10268L170238, *et al*. from exhausting the limits of designated

insurance policies.  The Court denies the application.

Although a party moving for a preliminary injunction must provide advance notice to the

adverse party, one seeking a temporary restraining order need not do so in limited circumstances.

*See Standard Microsystems Corp. v. Texas Instruments Inc*., 916 F.2d 58, 62 (2d Cir. 1990)

("Where speed is needed, the rules of procedure provide for temporary restraining orders, even

without notice, to prevent irreparable harm") (citing Fed. R. Civ. P. 65).  A temporary restraining

order may be granted without notice to the adverse party only if "(A) specific facts in an affidavit

or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will

result to the movant before the adverse party can be heard in opposition; and (B) the movant's

attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The restrictions on the availability of *ex parte* temporary restraining orders imposed by Rule 65(b), however, are "stringent," *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438–39 (1974) and must be "scrupulously observe[d]," *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964).

Relevant here, the Second Circuit has made clear that a showing of irreparable harm is "the single most important prerequisite for the issuance" of injunctive relief. *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009); *see also* Wright & Miller, Federal Practice & Procedure § 2951 ("A demonstration of irreparable injury by the party seeking relief is an essential prerequisite to a temporary restraining order."). To satisfy the irreparable harm requirement, plaintiffs "must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citing *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)).

Here, the Complaint does not adequately plead, and plaintiffs have not adequately established, irreparable harm. *See Grand River*, 481 F.3d at 63 ("We hold that the district court did not abuse its discretion in finding that [plaintiff] failed to demonstrate sufficiently a likelihood of irreparable harm and, therefore, on that basis alone, affirm its denial of [plaintiff's] motion"). Irreparable harm does not exist where money damages are available later to redress an injury. *See New York v. United States Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) ("Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." (citation omitted)). Plaintiff has not explained why the injury it fears in this insurance dispute would not be remediable by a later

award of money damages.  Plaintiff proposes to bar defendants "from unilaterally settling with

[third parties] at the expense of its insureds" insofar as, if those parties were to settle, it may

affect the parties' respective coverage obligations.  Compl. ¶ 44.  But there is no showing why an

award of money damages would not be capable of making plaintiff whole in the event that such

settlements were established to have been unlawful.  *See Greater Chautauqua Fed. Credit Union*

*v. Marks*, 600 F. Supp. 3d 405, 431 (S.D.N.Y. 2022).  The Court thus denies the motion.

Separately, the Court observes that this case has been filed under seal.  The Court does

not perceive any sound reason for sealing of this insurance action.  The Court will give plaintiff

an opportunity to explain why the continued sealing of this case is merited.  Any submission to

this effect is due Tuesday, July 8, 2025.  If the Court does not receive a submission by then, or if

such a submission is made but does not persuade the Court that continued sealing is merited, the

Court, the following day, will order this matter unsealed.


SO ORDERED.


*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge


Dated:  July 2, 2025
        New York, New York